# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **ARTHUR K. FREIMUTH** <br> c/o Thomas W. Kidd, Jr. <br> 8913 Cincinnati-Dayton Road <br> West Chester, OH 45069 <br><br>     **Plaintiff** <br><br> -vs- <br><br><br> **ANTHONY ABDULLAH** <br> in his individual capacity <br> c/o Butler County Sheriff <br> 705 Hanover Street <br> Hamilton, Ohio 45011 <br><br> and <br><br> **RANDALL ONEY** <br> in his individual capacity <br> c/o Butler County Sheriff <br> 705 Hanover Street <br> Hamilton, Ohio 45011 <br><br> and <br><br> **CARLA ESTEP** <br> in her individual capacity <br> c/o Butler County Sheriff <br> 705 Hanover Street <br> Hamilton, Ohio 45011 <br><br> and <br><br> **PATTY SIMMS** <br> in her individual capacity <br> c/o Butler County Sheriff <br> 705 Hanover Street | **CASE NO:** <br><br><br><br><br><br><br><br> **COMPLAINT AND JURY DEMAND** |

| | |
|---|---|
| **Hamilton, Ohio 45011** | : |
| | : |
| **and** | : |
| | : |
| **LEROY CALDWELL** | : |
| **in his individual capacity** | : |
| **c/o Butler County Sheriff** | : |
| **705 Hanover Street** | : |
| **Hamilton, Ohio 45011** | : |
| | : |
| **and** | : |
| | : |
| **RICHARD K. JONES** | : |
| **in his official capacity** ` | : |
| **Butler County Sheriff** | : |
| **705 Hanover Street** | : |
| **Hamilton, Ohio 45011** | : |
| | : |
| **Defendants** | : |

## INTRODUCTION

1. As more specifically set forth below, Arthur K. Freimuth, after his incarceration at the Butler County Jail ("the Jail"), was subjected to Defendants' deliberate indifference to his medical needs and, as a consequence, suffered significant medical problems resulting in hospitalization and loss of earnings. It is the purpose of this action to recover the actual damages Mr. Freimuth has sustained as a result of Defendants' conduct..

## JURISDICTION AND VENUE

2.1 This action is brought under 42 U.S.C. § 1983 to redress injuries to Mr. Freimuth caused by Defendant's for gross and unconscionable violations of the rights, privileges and immunities guaranteed him by the Eighth, Tenth and Fourteenth Amendments to the Constitution of the United States. This court has jurisdiction of this cause under 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2.2     Venue in the United States District Court, Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because the conduct that caused the constitutional violation and other injuries occurred in this judicial district.

## PARTIES

3.1     Plaintiff Arthur K. Freimuth is a natural person who resides in Fairfield Township, Butler County, Ohio.

3.2     Defendant Anthony Abdullah, M.D. is a natural person. At all relevant times, he was employed by the Butler County Sheriff's Office as a medical professional responsible for the medical care and treatment of inmates at the Butler County Jail, and knew of or witnessed Freimuth's distress and/or participated in his mistreatment described below individually and/or in his official capacity and was acting under color of state law.

3.3     Defendant Randall Oney is a natural person. At all relevant times, he was employed by the Butler County Sheriff's Office as a medical professional responsible for the medical care and treatment of inmates at the Butler County Jail, and knew of or witnessed Freimuth's distress and/or participated in his mistreatment described below individually and/or in his official capacity and was acting under color of state law.

3.4     Defendant Carla Estep is a natural person. At all relevant times, she was employed by the Butler County Sheriff's Office as a medical professional responsible for the medical care and treatment of inmates at the Butler County Jail, and knew of or witnessed Freimuth's distress and/or participated in his mistreatment described below individually and/or in her official capacity and was acting under color of state law.

3.5     Defendant Patty Sims is a natural person. At all relevant times, she was employed by the Butler County Sheriff's Office and was acting under color of state law.

3.6     Defendant Leroy Caldwell is a natural person. At all relevant times, he was employed by the Butler County Sheriff's Office and was acting under color of state law. Caldwell was the booking officer and therefore responsible for obtaining all medically essential information from Freimuth and his family.

3.7     Defendant Sheriff Richard Jones was at all times mentioned herein acting individually and/or in his official capacity, and as such established policies either formally or by custom for, and was responsible for the employment, training, supervision and conduct of, the officers, employees and medical professionals at the Jail.

## NATURE OF DEFENDANTS' CONDUCT

4.     Defendants, individually and in conspiracy with one another, engaged in the conduct described below under color of the law of the State of Ohio. The individual Defendants named above knowingly participated or acquiesced in, contributed to, encouraged, implicitly authorized or approved the conduct described below individually and in their official capacities with the Jail. The offenses described below resulted from the failure of Defendants to employ qualified persons for positions of authority, and/or to properly or conscientiously train and supervise the conduct of such persons after their employment, and/or to promulgate appropriate operating policies and procedures either formally or by custom to protect the constitutional rights of inmates like Arthur Freimuth. Defendants' conduct was intentional and grossly negligent, indicated active malice toward Arthur Freimuth and a total, deliberate and reckless disregard for and indifference to his life and his constitutional and common law rights, and justifies an award of punitive damages in addition to the actual damages he is entitled to recover.

## OPERATIVE FACTS

5.1.    Freimuth was arrested on March 24, 2015 for the offense of domestic violence.

5.2     Upon information and belief, Arthur Freimuth was confined in the Butler County Jail on Tuesday, March 24, 2015 at 1:45 p.m.

5.3     His wife, Mrs. Deborah Freimuth, in her initial communication with the jail on March 24, 2015 at 1:45 PM told Sheriff staff that her husband, Mr. Freimuth, needed to be in the hospital, not jail. She was assured that her husband was being properly cared for.

5.4     Mr. Freimuth provided an extensive medical history to Randall Oney during his intake screening.

5.5     When it was determined that the Sheriff staff, was either unable or unwilling to obtain Mr. Freimuth's prescription for Humulin, which was needed for his diabetes, Randall Oney contacted Mrs. Freimuth, who obtained the medication and delivered it to the Sheriff staff.

5.6     This medication was not provided to Mr. Freimuth in the manner prescribed.

5.7     According to his intake screening on March 24, 2015 at 5:10 PM, his initial Glucose level was 171.

5.8     According to progress notes approved by Randall Oney on March 24, 2015 at 7:43 PM, though the Diabetes medication had been supplied, Randall Oney decided to not provide it to Mr. Freimuth.

5.9     According to progress notes approved by Patty Sims on March 25, 2015 at 12:49 AM, Mr. Freimuth had an elevated Glucose level of 335. Defendant Sims decided to not provide him with insulin, but decide to delay until later on March 25.

5.10    According to progress notes approved by Carla Estep on March 25, 2015 at 12:46 PM, Mr. Freimuth had an elevated Glucose level of 430 and was suffering from hallucinations and otherwise began to exhibit well-known symptoms of diabetic ketoacidosis. He was transported to a local hospital, Mercy Fairfield.

5.11    Mr. Freimuth was admitted to the Intensive Care Unit of Mercy Fairfield suffering from diabetic ketoacidosis. He was treated and eventually released on April 3, 2015.

5.12    Mr. Freimuth was without his insulin for over 24 hours due to the failure of the Butler County Sheriff medical staff to provide him with his medication. Missing doses of insulin can cause diabetic ketoacidosis in people with diabetes, a condition that can be fatal if not promptly addressed.

## FIRST CLAIM FOR RELIEF

### (42 U.S.C. §1983 – Eighth Amendment)

6.1    Plaintiff hereby incorporates paragraphs one through 5.12 as though fully restated here and further states the following.

6.2    Defendants' conduct was intentional, reckless, deliberate, wanton and/or malicious, and was indicative of their total, deliberate and reckless disregard of and indifference to Mr. Freimuth's health and life as well as his rights and the risk of harm to him occasioned by such conduct.

6.3    Plaintiff"s treatment by Defendants was the result of policies, customs and practices of Defendants, either written or unwritten, and that such policies, customs and practices were the "moving force" behind Kurt Freimuth's injuries. Such practices constitute an arbitrary use of government power, and evince a total, intentional, deliberate and unreasonable disregard for and indifference to the lives and constitutional and common law rights of inmates at the Butler County Jail, including Kurt Freimuth, and the wholesale violations of those rights likely to result from the regular and systematic pursuit of such practices.

6.4    As a result of the foregoing, Kurt Freimuth, through Defendants' deliberate indifference and grossly negligent -- if not reckless, intentional and/or malicious -- conduct, was

subjected to cruel and unusual punishment, and denied due process of law in violation of the Eighth, Tenth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff requests a trial by jury, and further requests that his brother's estate be awarded actual and punitive damages, pre- and post-judgment interest, costs, attorneys' fees and all other relief to which it is entitled under law or in equity.

Respectfully submitted,

S/ Thomas W. Kidd, Jr.
Thomas W. Kidd, Jr. (0066369)
8913 Cincinnati-Dayton Road
West Chester, Ohio 45069
(513)733-3080
Fax (513)577-7383
tkidd@thomaskiddlaw.com

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues raised herein.

S/ Thomas W. Kidd, Jr.
Thomas W. Kidd, Jr. Attorney
Counsel for Plaintiff